(16 Misc. Rep. 284.)

## LEVY v. MEIROWITZ.

(City Court of New York, General Term.   March 16, 1896.)

COSTS—SECURITY FOR—RESIDENCE.

In an action for breach of promise and seduction, a showing that plaintiff had removed to another state, had engaged in business peculiarly her own, under another name, and had expressed intention to remain, is sufficient to justify an order for security for costs.

Appeal from special term.

Motion to vacate an order granted ex parte requiring plaintiff to furnish security for costs.   Motion denied.   Plaintiff appeals.   Affirmed.

Argued before FITZSIMONS, P. J., and CONLAN and O'DWYER, JJ.

Max Altmeyer, for appellant.

Chas. H. Smith, for respondent.

O'DWYER, J.   This is an appeal from an order denying a motion made to vacate an order granted ex parte requiring the plaintiff to furnish security for costs.   The action is brought to recover damages for breach of promise of marriage and seduction.   The answer denies the material allegations of the complaint.   It is conceded that at the time of the commencement of this action in 1894 the plaintiff was residing within the city of New York.   On the 10th day of December, 1895, the defendant, upon an ex parte application, obtained an order requiring the plaintiff to furnish security for any costs that may be awarded to the defendant in this action, upon the ground that since the commencement of the action the plaintiff has removed her residence to the city of Chicago, in the state of Illinois.   Thereafter, upon the affidavit of the plaintiff's attorney, an order was obtained to show cause why the aforementioned order should not be vacated and set aside, and on the return thereof additional affidavits were filed in behalf of both parties.   A hearing was then had, and the motion was denied, and from the order entered thereon this appeal is taken.

It appears that the plaintiff left the city of New York in the spring of 1895, and proceeded to the city of Chicago, where she still remains.   It is claimed, however, that the plaintiff is only temporarily absent, on a visit, and this claim is based upon an interview plaintiff had with her attorney before leaving New York, in which she informed him that "she did not intend to remove from the city, or make her residence in Chicago"; that since her arrival in Chi-

cago, plaintiff's attorney has had communications (they are not contained in the record) from which, as well as conversations had with her prior to her departure, he believes she has not given up her residence in this city. On the other hand, it appears that the plaintiff is residing in the city of Chicago, engaged in carrying on a business peculiarly her own; that before leaving this city she tried to obtain from defendant the necessary money wherewith to pay her fare to Chicago, and that since her arrival in that city she has invited several of her acquaintances who were temporarily there to call upon her at her residence in Chicago, where she was living with a man named Meyer, and was known by that name; that on one occasion in the latter part of the summer of 1895 she stated "that she intended to continue to reside in Chicago, and not to come back to New York." These allegations are not denied, and hence all that is shown by the statement made months before to her attorney is that since reaching Chicago she has changed her mind, and determined not to return to New York. The order below was right, and should be affirmed. Order affirmed, with costs. All concur.